# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KEVIN SCOTT,

      Plaintiff,

v.                                  Case No.: 8:14-cv-1437-T-24-TBM

HESS RETAIL OPERATIONS, LLC,

      Defendant.

_____/

## ORDER

This cause comes before the Court on three motions: (1) Defendant's Motion for Leave to Add Ninth Affirmative Defense (Doc. No. 82) and Plaintiff's response thereto (Doc. No. 89); (2) Defendant's Motions in Limine (Doc. No. 72, 77) and Plaintiff's response thereto (Doc. No. 81); and (3) Plaintiff's Motions in Limine (Doc. No. 74) and Defendant's response thereto (Doc. No. 81). Accordingly, the Court will address each motion.

## I.  Background

On June 16, 2014, this case was removed to this Court. The complaint, as it now stands, contains one negligence count against Defendant due to an alleged slip and fall by Plaintiff in Defendant's gas station bathroom on August 18, 2013. The parties did not file any motions for summary judgment, and as such, the Court's knowledge of the alleged facts in this case comes solely from the pleadings, pretrial statement, and pretrial conference.[1]

---

[1]The parties cited to deposition testimony in their motions in limine, but they failed to file any of the cited depositions. However, in response to Defendant's motion to amend, Plaintiff filed the deposition transcript of Stubl. (Doc. No. 89-2).

## II.  Defendant's Motion to Add Ninth Affirmative Defense

On January 23, 2015, Defendant filed a motion requesting that the Court dispense with the requirement that the parties mediate this case.  (Doc. No. 47).  The basis for this request was that Defendant took the deposition of Roger Stubl, and he "testified that Plaintiff fraudulently staged the alleged slip and fall in this case."  (Doc. No. 47).  Therefore, Defendant contended that mediation would not be useful, because Defendant did not believe that Plaintiff had a legitimate claim.  The Court granted Defendant's motion.  (Doc. No. 48).

Thus, as of January 23, 2015, the parties and the Court were aware of Defendant's defense theory for this case—that Plaintiff fraudulently claimed that he slipped and fell in Defendant's bathroom.  However, Defendant did not seek leave to amend its affirmative defenses to add the defense of fraud at that time.

On July 13, 2015, Plaintiff filed a motion in limine to exclude evidence that Plaintiff staged the fall, because Defendant did not plead the affirmative defense of fraud.  Nine days later, on July 22, 2015, Defendant filed the instant motion to add the affirmative defense of fraud.  While the motion to add the affirmative defense is untimely, there will be no prejudice by allowing the amendment, because the fraud theory has been explicitly a part of this case since January.  As such, the Court grants Defendant leave to amend its affirmative defense to assert the defense of fraud.

## III.  Defendant's Motions in Limine

Defendant filed nine motions in limine, and Plaintiff stipulated to four of them.  As such, the Court grants the stipulated motions in limine and will address the motions that are opposed.

**A.  Stipulated Motions in Limine**

Plaintiff has stipulated to, and the Court grants, the following motions in limine: (1) the Court excludes all evidence and argument regarding Stubl's prior psychiatric care, treatment, and any other mental health conditions he may have; (2) Plaintiff may not offer any evidence or argument regarding future medical care or costs, and Plaintiff may not seek the same as part of his damages; (3) Plaintiff may not offer any evidence or argument regarding his lost earnings or his ability to work, and Plaintiff may not seek the same as part of his damages; and (4) the Court excludes all evidence and argument regarding any prior or subsequent accidents at Defendant's gas station.

**B.  Stubl's prior convictions**

Defendant also moves to exclude any evidence or argument regarding Stubl's prior convictions that are more than ten years old.  Plaintiff responds that he intends to introduce evidence of two prior felonies and an admission by Stubl of a dishonest act and false statement, all of which are less than ten years old.  Plaintiff has not informed the Court or Defendant of the specific felonies, dishonest act, and false statement that he intends to use to impeach Stubl, and Plaintiff contends that he is not required to do so.  The Court disagrees with Plaintiff's position, as there is no way for the Court to rule on the motion in limine without knowing the specific facts underlying the two felonies, dishonest act, and false statement at issue.  As such, the Court defers ruling on this motion in limine, as all of the relevant facts are not before the Court.

The Court, however, directs Plaintiff to file a notice by August 5, 2015 that informs Defendant and the Court of the specific felonies, dishonest act, and false statement that he intends to use to impeach Stubl.  Plaintiff must include the dates of the convictions, dishonest

act, and false statement, as well as the dates on which Stubl was released from confinement for the felonies, within the notice.  Finally, Plaintiff must include as an exhibit to the notice a copy of the certified criminal records (which Plaintiff states that he currently possesses).  If Plaintiff fails to timely file the notice with the required information, the Court will not allow Plaintiff to use the information to impeach Stubl.

Prior to attempting to impeach Stubl with any of this information, the parties must raise this issue outside of the presence of the jury for the Court to rule on.  In ruling, the Court will apply Federal Rule of Evidence 609.

### C.  Stubl's Alleged Theft of an EBT Card

Next, Defendant moves to exclude Plaintiff from introducing evidence or argument that Stubl stole someone's EBT card and used it without their permission.  Defendant argues that there is no proof that Defendant committed these acts, nor is there any proof that he was convicted for the alleged theft.  Therefore, Defendant argues that such evidence and argument should be excluded.

Plaintiff responds that the alleged acts took place while Plaintiff and Stubl were living in the same facility, and Plaintiff reported Stubl's alleged theft to the facility.  As a result, Stubl was placed in segregation at the facility.  Plaintiff contends that his reporting of Stubl to the facility provides a bias against Plaintiff and a motive for Stubl to claim that Plaintiff staged the slip and fall incident at issue in this case.

The Court agrees with Plaintiff that his report of Stubl's alleged acts provides relevant evidence of Stubl's possible motives and bias in this case.  As such, the Court denies Defendant's motion in limine on this issue.

4

### D.  Medical Bills

Next, Defendant filed two motions in limine regarding Plaintiff's medical bills.  First, Defendant argues that Plaintiff is only allowed to recover the amount that Medicare or Medicaid paid, rather than the total amount that was billed.  See Cooperative Leasing, Inc. v. Johnson, 872 So. 2d 956, 960 (Fla 2d DCA 2004).  Second, and relatedly, Defendant argues that Plaintiff is only allowed to recover the amount that he paid or owes towards his medical bills, rather than the total amount that was billed.  Thus, if a provider offered a discounted rate and accepted less than the total amount billed, the reduced amount is all that Plaintiff may recover.  See Goble v. Frohman, 901 So. 2d 830, 833 (Fla. 2005).  As a result, Defendant argues that Plaintiff should be prohibited from introducing into evidence the total amount for which he was billed.

Plaintiff responds that neither Medicare nor Medicaid paid any of his medical bills and that no such payment is anticipated.  While the Court agrees with Defendant that Plaintiff may only recover the amounts that were paid or owed, rather than the total amount that was billed, the Court will not prevent Plaintiff from submitting his total medical bills into evidence.  Instead, Defendant can offer evidence during trial of the amount that Medicare or Medicaid paid, as well as the amounts accepted by providers that was less than the amount billed, or Defendant can file a post-trial motion to reduce the amount of compensatory damages to reflect these amounts.  Accordingly, the Court denies these motions in limine, but agrees that Plaintiff's recovery for medical bills will be limited as explained above.

### E.  Spoliation

Next, Defendant moves to exclude argument and evidence supporting Plaintiff's spoliation theory—that Defendant failed to maintain and turn over surveillance video of the gas

station that would have shown: (1) how often and when Defendant's employees cleaned the bathroom, and (2) what other people used the bathroom before Plaintiff (and who could possibly have been deposed as witnesses and given information regarding the condition of the bathroom).

On January 7, 2015, Plaintiff attempted to file a motion to amend his complaint to add a claim for spoliation. (Doc. No. 44, 45). The motion was not properly filed, and the Clerk terminated the motion and directed Plaintiff to re-file the motion. Plaintiff did not re-file the motion.

Defendant argues that Plaintiff cannot now raise the issue of spoliation, because the deadline for filing an amended complaint passed on September 30, 2014. (Doc. No. 13). While it is true that the deadline has passed, the untimeliness in seeking the amendment is not the only hurdle. First, a spoliation claim cannot be asserted until the underlying litigation (in this case, the trial on the negligence claim) is completed. See Jost v. Lakeland Regional Medical Center, Inc., 844 So. 2d 656, 658 (Fla. 2d DCA 2003); Townsend v. Conshor, Inc., 832 So. 2d 166, 167-68 (Fla. 2d DCA 2002).

Second, and more importantly, Florida does not recognize a cause of action for spoliation when the alleged spoliator is also the defendant in the underlying case. See Martino v. Wal-Mart Stores, Inc., 908 So. 2d 342 (Fla. 2005). Instead, the proper remedies are sanctions and/or adverse presumptions. See id. at 347. Thus, even if Plaintiff had timely sought to amend his complaint, Plaintiff's claim for spoliation would fail.

However, as explained above, amendment of the complaint is not necessary in order for Plaintiff to seek sanctions or an adverse inference for the alleged spoliation. The problem that Plaintiff faces is that he has not filed a motion for sanctions or an adverse inference, and the

6

deadline for filing such motions has passed, as the Court directed the parties to file all pretrial

motions by July 13, 2015.  (Doc. No. 68).

The Court acknowledges that it did not enforce the pretrial motions filing deadline with

respect to Defendant's motion for leave to add the affirmative defense of fraud, and out of

fairness, the Court will allow Plaintiff to offer evidence of spoliation at trial.  The Court is not

concluding that it will, in fact, give an adverse inference instruction, but it will give Plaintiff an

opportunity to offer evidence to show that such an instruction is warranted.  The Court reminds

Plaintiff of his burden on this issue:

> [The Eleventh Circuit] review[s] a district court's decision regarding
> spoliation sanctions for abuse of discretion.  "[A] party moving for
> [spoliation] sanctions must establish, among other things, that the
> destroyed evidence was relevant to a claim or defense such that the
> destruction of that evidence resulted in prejudice."  "An adverse
> inference is drawn from a party's failure to preserve evidence only
> when the absence of that evidence is predicated on bad faith."  "Mere
> negligence in losing or destroying ... records is not enough for an
> adverse inference...."

Rives v. Lahood, 605 Fed. Appx. 815, 820 (11th Cir. 2015).  Accordingly, the Court denies

Defendant's motion in limine on the issue of spoliation.

## IV.  Plaintiff's Motions in Limine

Plaintiff filed seven motions in limine, and Defendant stipulated to two-and-one-half of

them.  As such, the Court grants the stipulated motions in limine and will address the motions

that are opposed.

### A.  Stipulated Motions in Limine

Defendant has stipulated to, and the Court grants, the following motions in limine: (1) the

Court excludes argument and evidence regarding Plaintiff's alleged crimes that do not meet the

standard set forth in Federal Rule of Evidence 609, which includes charges for which adjudication was withheld;[2] (2) the Court excludes argument and evidence that Plaintiff showed pornographic photos to Stubl; and (3) the Court excludes argument and evidence regarding settlement negotiations, Plaintiff's contingency fee agreement with his attorneys, and Plaintiff's alleged expectations regarding the amount of money that he would receive and/or accept to settle his case.

### B.  Homelessness

Plaintiff also moves to exclude argument and evidence regarding the fact that Plaintiff is homeless, arguing that such information is irrelevant and unfairly prejudicial.  Defendant responds that Plaintiff's homelessness is relevant, because Plaintiff and Stubl's interactions and conversations occurred at a homeless shelter.

The Court agrees with Defendant that Plaintiff's homelessness is relevant.  Furthermore, the Court concludes that such information is not unfairly prejudicial, because Stubl (Defendant's main witness) is also homeless.  Accordingly, the Court denies Plaintiff's motion in limine on the issue of Plaintiff's homelessness.

### C.  Fraud Defense Theory

Next, Plaintiff moves to prohibit Defendant from pursuing its fraud defense strategy—that Plaintiff staged the slip and fall.  Plaintiff argues that this is necessary, because: (1) Defendant did not assert the fraud affirmative defense in its original answer, and (2) the only

---

[2]"An adjudication withheld is not a conviction under Florida law, and, as such, it cannot be used to impeach a witness."  U.S. v. Nasser, 2013 WL 2456092, at *2 (M.D. Fla. June 6, 2013)(citations omitted).

evidence of the alleged fraud comes from an unreliable witness, Stubl.

The Court has already ruled that Defendant may amend its affirmative defenses to add a fraud defense, and as such, the Court rejects this argument.  Furthermore, to the extent that Plaintiff believes that Stubl's testimony is unreliable, Plaintiff may attack his testimony through vigorous cross-examination, as Plaintiff's argument goes to the weight, rather than the admissibility, of Stubl's testimony.  Accordingly, the Court denies this motion in limine.

### D.  Dr. McKalip's Testimony

Next, Plaintiff moves to exclude certain portions of defense expert, Dr. McKalip's, testimony.  Dr. McKalip is a neurosurgeon.

To the extent that Plaintiff raises <u>Daubert</u> objections to McKalip's testimony, those objections should have been asserted in a timely filed <u>Daubert</u> motion.  However, the deadline for filing <u>Daubert</u> motions in this case passed on March 16, 2015.  (Doc. No. 41).  As such, all <u>Daubert</u> objections are waived.

To extent that Plaintiff argues that McKalip is not qualified to offer his opinions or that his opinions are outside the scope of his expertise, Plaintiff may cross-examine McKalip on such issues.  To the extent that Plaintiff argues that McKalip should not be allowed to testify regarding the types of medications that Plaintiff had been prescribed in the past, the Court concludes that such evidence may be relevant to the issue of whether Plaintiff's alleged injuries from the slip and fall are really just pre-existing injuries.  However, Plaintiff may object to such testimony at trial.  Accordingly, the Court denies Plaintiff's motion in limine regarding McKalip.

**E.  Dr. Shue's Testimony**

Next, Plaintiff asserts two motions in limine regarding defense expert, Dr Shue's, testimony.  Dr. Shue was Plaintiff's pain management doctor from 2011 - 2012.

First, Plaintiff argues that Dr. Shue's opinions that Plaintiff was exhibiting drug-seeking behavior in the past is irrelevant and unfairly prejudicial.  Defendant responds that this evidence is relevant, because Plaintiff's alleged lack of truthfulness with Dr. Shue goes to Plaintiff's credibility, especially given the fact that Plaintiff is seeking damages for past pain management bills allegedly resulting from his slip and fall.  Furthermore, Defendant argues that this evidence is relevant to Plaintiff's alleged motive for brining this lawsuit.  The Court agrees with Defendant that this evidence is relevant and will not be excluded, and therefore, this motion in limine is denied.

Second, Plaintiff argues that Dr. Shue's testimony regarding her conversations with others is inadmissible hearsay.  However, Dr. Shue references such conversations in order to explain why she acted the way she did after the conversations.  As such, the conversations are not hearsay, because they are offered to explain the effect of the conversations on the listener (Dr. Shue) to explain why she acted the way she did; they are not offered to prove the truth of the underlying conversations.  Accordingly, the Court denies this motion in limine.

**V.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion for Leave to Add Ninth Affirmative Defense (Doc. No. 82) is

**GRANTED**.  Defendant is directed to file its amended answer and affirmative

defenses (adding only the fraud affirmative defense) by August 5, 2015.

(2)     Defendant's Motions in Limine (Doc. No. 72, 77) are **GRANTED to the extent that:**

    (a)     The Court excludes all evidence and argument regarding Stubl's prior psychiatric care, treatment, and any other mental health conditions he may have;

    (b)     Plaintiff may not offer any evidence or argument regarding future medical care or costs, and Plaintiff may not seek the same as part of his damages;

    (c)     Plaintiff may not offer any evidence or argument regarding his lost earnings or his ability to work, and Plaintiff may not seek the same as part of his damages; and

    (d)     The Court excludes all evidence and argument regarding any prior or subsequent accidents at Defendant's gas station.

The Court **DEFERS** ruling on the motion to the extent that Defendant asks the Court to rule on the admissibility for impeachment purposes of Stubl's prior convictions, dishonest act, and false statement, because the parties have not provided the Court with the necessary information in order to make a ruling. Instead, Plaintiff must file  a notice by August 5, 2015 that informs Defendant and the Court of the specific felonies, dishonest act, and false statement that he intends to use to impeach Stubl.  Otherwise, Defendant's motions in limine are **DENIED**.

11

(3)     Plaintiff's Motions in Limine (Doc. No. 74) are **GRANTED to the extent that:**

     (a)     The Court excludes argument and evidence regarding Plaintiff's alleged crimes that do not meet the standard set forth in Federal Rule of Evidence 609;

     (b)     The Court excludes argument and evidence that Plaintiff showed pornographic photos to Stubl; and

     (c)     The Court excludes argument and evidence regarding settlement negotiations, Plaintiff's contingency fee agreement with his attorneys, and Plaintiff's alleged expectations regarding the amount of money that he would receive and/or accept to settle his case.

Otherwise, the motions are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of July, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record